COURT OF CHANCERY
OF THE
STATE OF DELAWARE

PAUL A. FIORAVANTI, JR.
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

February 22, 2023

Jeremy W. Ryan, Esquire
Andrew L. Brown, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, Sixth Floor
Wilmington, Delaware 19801

Re: *In re Prenexus Health, Inc.*,
C.A. No. 2022-1071-PAF

Dear Counsel:

This letter resolves the Motion to Waive the Appraisal Requirement of 10 *Del. C.* § 7382 and Approving Bond Without Surety in Satisfaction of 10 *Del. C.* § 7383 (the "Motion"). For the reasons explained below, the Motion is denied.[1]

Prenexus Health, Inc. (the "Assignor"), is a Delaware corporation with a principal place of business in Arizona. The Assignor was in the business of producing probiotic ingredients for the food and dietary supplement industry. On November 22, 2022, the Assignor assigned all its rights, title, and interest in all remaining assets to Alliance Management, LLC (the "Assignee"). The next day, the

---

[1] Citations to the docket in this action will be in the form of "Dkt. [#]."

Assignee filed its petition for the assignment for the benefit of creditors (the "Petition").

Under the assignment statute, an assignee is required to file an affidavit of inventory within 30 days of the date of the assignment. 10 *Del. C.* § 7381. In accordance with the assignment statute, on December 13, 2022, the court entered an order directing the Assignee to file an affidavit of inventory within 30 days of the date of the assignment pursuant to 10 *Del. C.* § 7381. Consistent with the statutory regime, the order further provided:

> The assignee is directed to submit a motion for the appointment of appraisers within 30 days after the filing of the inventory, which shall include proposed dates for the filing of the appraisals and the application to approve a bond under 10 Del. C. Sections 7382 and 7383, respectively. Annual accountings shall be filed as required by 10 Del. C. Section 7385.[2]

On December 22, 2022, the Assignee filed an affidavit of inventory as required by Section 7381 and the court's December 13 order.[3] Thus, under the court's December 13, 2022, order, a motion for the appointment of appraisers was due to be filed on or before January 23, 2023. The Assignee, however, did not file a motion for the appointment of appraisers. Rather, on January 23, 2023, the Assignee filed the

---

[2] Dkt. 3.

[3] Dkt. 4.

Motion, which seeks a waiver of the statutory requirement for the appointment of appraisers.[4] The Motion also seeks the approval of an unsecured bond.

In support of the Motion, the Assignee argues that the appraisal requirement should be waived because the "[i]nventory consists of cash and equipment" and the Assignee is running a sale process on the equipment, making an "appraisal unnecessary and wasteful." Mot. ¶ 9. The Assignee points to one opinion and several orders of this court waiving the appraisal and bond requirements or excusing the requirement that a bond be secured. Mot. ¶ 13. Those decisions are not analogous to the circumstances of this case and do not support the relief sought in the Motion.

Section 7382 of the assignment statute provides that "[u]pon the filing of the inventory and affidavit required by § 7381 of this title, the Court of Chancery *shall* appoint 2 disinterested and competent persons to appraise the estate assigned." 10 *Del. C.* § 7382 (emphasis added). In addition, Section 7383 provides that the "assignee *shall* . . . give bond with sufficient surety . . . being not less than the total amount of inventory and appraisement of the estate." 10 *Del. C.* § 7383 (emphasis added). The statute's use of the term "shall" with respect to appointing appraisers

---

[4] Dkt. 5.

and requiring a bond reflects that those provisions are mandatory. *See In re*: *Weaver Hldg. Co.*, 2011 WL 5910707, at *1 (Del. Ch. Nov. 28, 2011); *see also Elliott v. Montell*, 30 A. 854, 855 (Del. 1885) ("[W]hen a voluntary assignment is made, certain things must be done as . . . specified [in the statute]."). Although the court has waived the appraisal requirement on occasion, an assignee seeking a waiver must demonstrate good cause. *See Weaver*, 2011 WL 5910707, at *1 (waiving the appraisal requirement where the assignor's assets consisted of unliquidated stock of nominal value, accounts receivable, and cash on condition that the assignor's sole known creditor submit an affidavit waiving its right to an appraisal). *But see In re Ohana Biosciences, Inc.*, C.A. No. 2021-0515-PAF (Del. Ch. Nov. 15, 2021) (ORDER) (denying a motion to waive the appraisal requirement of Section 7382 where the inventory consisted of more than just cash and receivables).

As *Weaver* and *Ohana* recognized, the court has occasionally waived the appraisal requirement upon a showing of good cause where the assigned assets consist of cash, accounts receivable, and assets of nominal value. Every uncontested order that the Assignee has cited in support of waiving the appraisal requirement involved like circumstances. *See* Mot. ¶ 13 (citing *In re Creditors Interchange Receivable Mgmt., LLC*, C.A. No. 7979-CS (Del. Ch. Mar. 14, 2013) (ORDER) (waiving the appraisal requirement where assets consisted "primarily of cash . . .

along with a limited amount of accounts receivable and miscellaneous equipment of nominal value");[5] *In re TSHS, LLC*, C.A. No. 6288-VCN (Del. Ch. Oct. 18, 2011) (ORDER) (waiving the appraisal requirement where inventory "consist[ed] exclusively of cash . . . with a limited amount of accounts receivable");[6] *In re U.F. Hldgs., Inc.*, C.A. No. 1504-VCP (Del. Ch. Aug. 25, 2005) (ORDER) (waiving the appraisal requirement where assets consisted of sale proceeds, contingent rights to receive proceeds from a letter of credit, miscellaneous prepaid insurance and retainers, and ownership in subsidiaries);[7] *In re: Techsmart.com, Inc.*, C.A. No. 264-VCN (Del. Ch. Apr. 16, 2004) (ORDER) (waiving the appraisal requirement where the assets "consist[ed] of cash, cash equivalents and a deposit")).[8]

Unlike in the foregoing cases, the assigned assets here are not solely cash and receivables. According to the Assignee's affidavit of inventory, the assets include manufacturing plant, lab, and farm equipment with an estimated book value of over $4.1 million. Dkt. 4 Ex. A. The Assignee also avers that the inventory includes intellectual property of unknown value. *Id*. Thus, waiver of the statutory

---

[5] *See* C.A. No. 7979-CS (Dkt. 6) ¶ 8.

[6] *See* C.A. No. 6288-VCN (Dkt. 5) ¶ 8.

[7] *See* C.A. No. 1504-VCP (Dkt. 2) Ex. A.

[8] *See* C.A. No. 264-VCN (Dkt. 5) ¶ 4.

requirement is not permitted. "The statute must be read in the light of the purpose for which it was enacted, to wit, the security afforded both to the cestui que trust and the assignor by the bond of the trustees, the inventory and appraisement, and the supervisory rule of the chancellor." *Elliott*, 30 A. at 855–56. Under the circumstances presented here, the Assignee has not established good cause for waiving the appraisal requirement or its failure to comply with the court's December 13, 2022, order.

The Motion's request for an unsecured bond is unsupported. The assignee has not demonstrated good cause to warrant an unsecured bond. In *Weaver*, where the assets consisted of cash, accounts receivable, and stock of minimal value, the court permitted an unsecured bond upon the filing of an affidavit by the sole known creditor entitled to the assignor's assets waiving its right to a secured bond. 2011 WL 5910707, at *1. The assets here are not solely cash and receivables, and there is no affidavit of a sole creditor waiving the right to a secured bond. Accordingly, the request for an unsecured bond is denied. *See Dillon Fleet Servs., Inc.* C.A. No. 2021-0785-PAF (Del. Ch. Nov. 15, 2021) (ORDER) (denying a request for unsecured bond where assets did not consist solely of cash and receivables).

A motion for appointment of appraisers shall be filed within five days.

**IT IS SO ORDERED**.

Very truly yours,

*/s/ Paul A. Fioravanti, Jr.*

Vice Chancellor